**Ronald LEWANDOWSKI, Plaintiff,**

v.

**William H. FAUVER, Defendant.**

**No. Civ. 81–3094.**

United States District Court,
D. New Jersey.

Dec. 18, 1981.

hospital and that his present action is an attempt to relitigate or "appeal" issues determined in *Capili*.

Ronald Lewandowski, pro se.

James Zazzali, Atty. Gen. of N. J., by Sharon L. Young, Deputy Atty. Gen., Trenton, N. J., for defendant.

## OPINION

BIUNNO, District Judge.

The complaint in this suit under 42 U.S.C. § 1983 is based on an alleged failure to provide needed dental care to plaintiff, a prisoner at the N.J. Youth Correctional Institution at Annandale. The specific claim is that plaintiff needs a partial dental plate, as the plaintiff has a lot of trouble eating, and that his "appearance doesn't look too great." Plaintiff says that he was told that while teeth would be pulled if needed, they would not be replaced and no partial dental plate would be provided.

Since a rational evaluation could not be made to ascertain whether the requisite legal tests were met under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the court proposed that a copy of plaintiff's dental records be forwarded for review and report by an independent expert appointed by the court under Fed.Ev.Rule 706.

The N.J. Department of Corrections has adopted standards for the dental care of prisoners. In particular, Standards 320 establish a dental program designed to ensure that appropriate dental care is provided to inmates through the practice of dentistry which parallels modern day community dentistry in the State of New Jersey. Standards 320.8, in particular, provides for restorative procedures including intercoronal (fillings), extracoronal (crowns) and bridges (removable or fixed partial dentures) as well as full dentures.

The law as stated in *Estelle* is that not every claim that a prisoner has not received adequate treatment states a violation of the 8th Amendment (cruel and unusual punishment) and hence a § 1983 Claim.

To rise to that level, the facts must indicate such acts or omissions as are sufficiently harmful to evidence deliberate indifference to serious needs, including intentional interference with professionally prescribed care or treatment. Negligent diagnosis, incorrect treatment, or other circumstances that do not amount to more than professional malpractice, will not suffice.

By order of December 1, 1981, the court appointed Attilio J. Crosta, DDS, as independent expert, supplied a copy of plaintiff's dental record as forwarded to the court by defendant, and called for a report indicating whether the dental services offered and provided are at the same level of dental care that is the standard of service of a New Jersey licensed dentist to a patient or patients in the community.

That report was made under date of December 9, 1981, and ordered filed. In brief, it shows that the level of care offered

and provided to plaintiff is the same as the level of a New Jersey licensed dentist to a patient, in private practice. Dr. Crosta served *pro bono*, without any charge or other compensation.

The dental records themselves show that on a number of instances, dates were made with plaintiff for the extraction of teeth preparatory to the making of an impression for a partial plate, and that he refused the treatment. Thus, his own rejection of services offered and scheduled delayed the completion of the work. The record also shows that after these delays, the necessary extractions were completed, and a "bite-wing" impression taken in preparation for the making of a partial denture.

Plaintiff was sent a copy of the court's memorandum dated October 30, 1981, proposing the submission of the dental records to the independent expert, of the letter memorandum for defendant with the dental records, and of the Memorandum and Order dated December 1, 1981. He has made no submission whatever to question the factual record.

In light of the record showing conclusively that the defendant's official Standards fully comply with constitutional requirements, and that any delay in completing the dental services being provided to plaintiff was due entirely to his own refusal to keep appointments and accept the services offered, the court has no choice but to conclude that the complaint he filed is both frivolous and malicious, and it will be ordered dismissed as authorized by 28 U.S.C. § 1915(d).

The case is a good example of needless litigation, initiated at the instance of some guard house lawyer, diverting the court's limited time from other matters with colorable substance. It was to deal with this sort of situation that the Congress expressed the authority it did in 28 U.S.C. § 1915(d).